# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| CYNTHIA J. GRANT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  4:20-cv-00731 |
| NORTHTOWN CAPITAL SERVICES GROUP, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Cynthia J. Grant ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct Northtown Capital Services Group, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 *et seq*.

### JURISDICTION AND VENUE

2.   Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, a substantial portion the events or omissions giving rise to the

1

claims occurred within the Southern District of Texas, and Plaintiff resides in the Southern District of Texas.

## PARTIES

4.   Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5.   Defendant is a third party debt collection service with its principal place of business located at 305 Cayuga Road, Suite 180, Cheektowaga, New York 14225. Defendant is in the business of collecting defaulted consumer debts owed to others throughout the country, including in the State of Texas.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.   In February 2020, Defendant began placing collection calls to Plaintiff's place of employment at her work telephone number (713) XXX-6796 to attempt to collect on an alleged debt owed by Plaintiff ("subject debt").

8.   Defendant acquired the right to collect on the defaulted subject debt.

9.   Each time Defendant calls, a receptionist answered and informed Defendant that this was Plaintiff's place of employment.

10. Furthermore, the receptionist advised Defendant that phone calls to employees were prohibited and not to call again.

11. Plaintiff's request fell on deaf ears as Defendant continued its phone harassment campaign.

12. Specifically, on February 24, 2020, Defendant placed three phone calls to Plaintiff's work telephone number.

13. Despite Defendant's actual knowledge that telephone calls to Plaintiff's place of employment were prohibited, Defendant continued to place collection calls to Plaintiff's work telephone number without her consent.

14. Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's work telephone number from February 2020 through the present day.

15. Defendant called Plaintiff's place of employment with such frequency as can be reasonably expected to harass.

16. The phone number that Defendant most often uses to contact Plaintiff is (832) 709-2504 and (833) 984-2106, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's work phone number without her consent.

## DAMAGES

17. Defendant's misleading and deceptive collection conduct has severely disrupted Plaintiff's daily life and general well-being.

18. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

19. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, emotional distress, aggravation that unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

20. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts by using the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

25. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

27. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

28. Defendant violated 15 U.S.C. §§1692c(a)(3), d, and d(5) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

### a. Violations of FDCPA § 1692c

29. Defendant violated §1692c(a)(3) when it continuously contacted Plaintiff after becoming aware that telephone calls to Plaintiff's place of employment were prohibited. Defendant knew or

should have known that it needed to contact Plaintiff directly, but instead it continued to call Plaintiff at her place of employment in hopes of harassing and abusing her into making a payment on the subject debt.

### b. Violations of FDCPA § 1692d

30. Defendant violated §1692d by engaging in abusive and harassing conduct by relentlessly calling Plaintiff's work telephone seeking payment on the subject debt. Moreover, Defendant continued placing calls after Defendant was informed by Plaintiff's employer that phone calls were prohibited.

31. Defendant violated §1692d(5) by causing Plaintiff's work telephone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Defendant was informed its calls were not welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's work telephone number from February 2020 through the present day without Plaintiff's consent.

32. Furthermore, Defendant has relentlessly called Plaintiff's employer on numerous occasions, up to three calls per day. The volume of calls shows that Defendant willfully ignored Plaintiff's employer that the calls were prohibited.

33. Defendant was notified by Plaintiff's employer that its calls were prohibited. As such, Defendant knew that its conduct was inconvenient and unwanted.

34. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

35. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff CYNTHIA J. GRANT respectfully requests that this Honorable Court:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d.  Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as through fully set forth herein.

37. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

38. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

39. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

**a.  Violations of  TDCA § 392.302**

40. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

41. Defendant violated the TDCA when it called Plaintiff repeatedly despite the request from Plaintiff's employer to cease the calls. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

42. Despite Defendant's actual knowledge that phone calls to Plaintiff's place of employment were prohibited, and requests for Defendant's phone calls to cease, Defendant continued to place collection calls to Plaintiff's place of employment without her consent.

43. As pled above, Plaintiff incurred actual damages as a direct result of Defendant's harassment.

**WHEREFORE**, Plaintiff CYNTHIA J. GRANT requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b)-(e); and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 28, 2020                                Respectfully Submitted,

                                                        /s/ Marwan R. Daher
                                                        /s/ Alexander J. Taylor
                                                        /s/ Omar T. Sulaiman
                                                        Marwan R. Daher, Esq.
                                                        Alexander J. Taylor, Esq.
                                                        Omar T. Sulaiman, Esq.
                                                        *Counsel for Plaintiff*
                                                        Sulaiman Law Group, Ltd.
                                                        2500 South Highland Avenue, Suite 200
                                                        Lombard, IL 60148
                                                        Telephone: (630) 575-8181
                                                        mdaher@sulaimanlaw.com
                                                        ataylor@sulaimanlaw.com
                                                        osulaiman@sulaimanlaw.com